UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANTWAIN COBB,

    Petitioner,

v.                               CAUSE NO.: 3:19-CV-82-RLM-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Antwain Cobb, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (ISP 18-10-232) at the Indiana State Prison in which a disciplinary hearing officer found him guilty of battery in violation of the Indiana Department of Correction Offense B-212. He lost ninety days earned credit time. Under Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Mr. Cobb argues that the hearing officer lacked sufficient evidence to find him guilty. He says the victim didn't identify him by name, that the video recording didn't show him committing a battery, and that the victim told a correctional officer that he was hurt because he fell in the shower.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess

the comparative weight of the evidence underlying the disciplinary board's decision.

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000).

Mr. Cobb was found guilty of Offense 212, which departmental policy defines as "committing a battery on another person." Indiana Department of Correction, Adult Disciplinary Process, https://www.in.gov/idoc/files/02-04-101%20Appendix%20I%206-4-2018.pdf. In the legal context, a battery is commonly understood as "[t]he nonconsensual touching of, or use of force against, the body of another with the intent to cause harmful or offensive contact." Black's Law Dictionary (10th ed. 2014). The administrative record includes: (1) statement from a correctional officer that the victim was found in the cell with a large bump on his forehead; (2) a statement from the victim that the injury was inflicted when "he got into it with someone;" and (3) a video recording that indicated that Mr. Cobb entered the cell shortly before the correctional officer discovered the victim's injury. Despite the evidentiary deficiencies listed by Mr. Cobb, the administrative record includes some evidence to support the finding of guilt. The claim that the hearing officer lacked sufficient evidence for a finding of guilt is not a basis for habeas relief.

Mr. Cobb also argues that he is entitled to habeas relief because he didn't have an impartial decisionmaker. He says the hearing officer also served as the officer who reviewed the video recording and prepared a summary. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." Piggie v. Cotton, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official

who was personally and substantially involved in the underlying incident from acting as a decisionmaker in the case. Id. Due process isn't violated simply because the hearing officer knew the inmate, presided over a prior disciplinary case, or had some limited involvement in the event underlying the charge. Id. That the hearing officer personally reviewed the video recording instead of relying on another officer to summarize it doesn't suggest improper bias. While the hearing officer served multiple roles, there is no indication that he was involved with the underlying charge or that he had any personal interest in Mr. Cobb's disciplinary hearing. The claim that the hearing officer wasn't an impartial decisionmaker isn't a basis for habeas relief.

Because it is clear from the petition and attached exhibits that Mr. Cobb is not entitled to habeas relief, the petition is denied. If Mr. Cobb wants to appeal this decision, he doesn't need a certificate of appealability because he is challenging a prison disciplinary proceeding. See Evans v. Circuit Court, 569 F.3d 665, 666 (7th Cir. 2009). But he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the petition pursuant to Section 2254 Habeas Corpus Rule 4;

(2) DIRECTS the clerk to enter judgment and to close this case; and

(3) DENIES Antwain Cobb leave to proceed in forma pauperis on appeal.
3

SO ORDERED on March 22, 2019

                                              s/ Robert L. Miller, Jr.
                                              JUDGE
                                              UNITED STATES DISTRICT COURT